## BICKLEY v. BOWMAN & CO.

(Circuit Court of Appeals, Seventh Circuit. September 12, 1922. Rehearing Denied November 4, 1922.)

No. 3012.

1. Sales ⬤⟿48¾, New, vol. 16A Key-No. Series—Legality; Lever Act not retroactive.

The provision of Lever Act, § 4 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛ff), and the regulations made thereunder making certain resales in the same trade unlawful are not retroactive, and do not render invalid a contract of sale made before passage of the act which was lawful when made.

2. Assignments ⬤⟿126—Party to contract may sue thereon at common law, notwithstanding assignment.

At common law, an action on a written contract may be maintained in the name of a party thereto, though it has been assigned.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action at law by Walter Bickley, doing business as A. F. Bickley & Son, against Bowman & Co. Judgment for defendant and plaintiff brings error. Reversed.

Charles L. Cobb, of Chicago, Ill., for plaintiff in error.

Walter Herrick, of Chicago, Ill., for defendant in error.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

BAKER, Circuit Judge. [1] Plaintiff in error as buyer brought this action for damages on account of the seller's breach of a contract of sale. Execution of the contract, the seller's refusal to deliver the goods, and the difference between the market price and the contract price were stipulated facts. Verdict for defendant was directed on the theory that the Lever Act of August 10, 1917 (40 Stat. 276 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115⅛e–3115⅛kk, 3115⅛*l*–3115⅛r]), and the presidential rules and regulations promulgated thereunder justified defendant's repudiation of the obligation of the contract.

Section 4 of the act (section 3115⅛ff) made it "unlawful for any person * * * to engage in any discriminatory and unfair, or any deceptive or wasteful practice or device * * * in handling or dealing in or with any necessaries."

Rule 6 provided that—

"Resales within the same trade without reasonable justification, especially if tending to result in a higher market price to the retailer or consumer, will be dealt with as an unfair practice."

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Buyer and seller in this case were wholesalers "within the same trade."

Section 4 was amended on October 22, 1919, by adding a penalty of fine or imprisonment for violations. 41 Stat. 297. In United States v. Cohen Grocery Co., 255 U. S. 81, 41 Sup. Ct. 298, 65 L. Ed. 516, 14 A. L. R. 1045, involving an indictment based on the amended section, the Supreme Court held that the provision was void because Congress had failed to fix therein any ascertainable standard of guilt. Whether plaintiff's first contention is well founded, namely, that the reasoning in the Cohen Grocery Company criminal case requires in this civil case on contract a holding that the original section is likewise void, need not be answered if neither the act nor the rules and regulations thereunder apply to the facts of the present case.

In March, 1917, the parties entered into this sales contract. At that time their mutual engagements were lawful, and thereby the buyer acquired a property right in the seller's performance. The alleged defense presented in this lawsuit could not have arisen, except for the fact that the seller's stipulated time for deliveries did not expire until after the Lever Act and the rules and regulations thereunder were proclaimed. But nothing in the act or in the rules evinces an unmistakable intent to reach back and take property theretofore lawfully acquired or to destroy previously existing lawful contracts. Because the power is so drastic, even if it could constitutionally be exercised, the canon of statutory construction is well settled that no retroactive effect will be allowed, unless it is impossible to give any other interpretation to the language employed. Reynolds v. McArthur, 2 Pet. 417, 7 L. Ed. 470; 36 Cyc. 1205; Lysle Milling Co. v. Sharp (Mo. App.) 207 S. W. 72; Mawhinney v. Millbrook Woolen Mills, 105 Misc. Rep. 99, 172 N. Y. Supp. 461.

[2] Defendant nevertheless claims that there must be an affirmance on account of the state of the proof respecting an assignment by plaintiff to a third party in April, 1917. Suit was begun in 1919, and the trial occurred in 1921. At the trial plaintiff was in possession of the contract and produced it in evidence. When plaintiff rested his case, nothing was in evidence respecting any assignment. Defendant merely proved that a writing on the back of the contract, in the form of an assignment and dated in April, 1917, bore the genuine signature of plaintiff. This would not conclusively establish that plaintiff was not the real party in interest when the suit was begun and tried. But further, Illinois is a common-law state, and the equity and the Code state requirement that a suit must be brought in the name of the assignee if he is the real party in interest, has no application to the action at common law upon a nonnegotiable chose in action. Hauze v. Powell, 90 Ill. App. 448.

The judgment is reversed, with the direction to grant a new trial.